### In re ROLNICK BROS.

(District Court, E. D. New York. June 15, 1923. Supplemental Opinion, June 21, 1923.)

Bankruptcy ⬅170—Payment by bankrupt to attorney for future services held unauthorized.

A bankrupt, on the eve of his bankruptcy, cannot lawfully pay money to an attorney for services to be rendered in the future, not connected with the bankruptcy proceeding.

In Bankruptcy. In the matter of Rolnick Bros., bankrupts. On review of order of referee. Affirmed.

Louis Dorfman, of New York City, for bankrupts.
Shaine & Weinrib, of New York City, for trustee.

GARVIN, District Judge. This is an application by Louis Dorfman, an attorney of this court, to review an order made by Hon. Eugene F. O'Connor, Jr., referee in bankruptcy, dated April 3, 1923, which order directed the said Dorfman to pay over to the trustee the sum of $2,-550, received from the bankrupts shortly before the petition in bankruptcy was filed. It appears that before the petition was filed the bankrupts paid Dorfman the sum of $2,850, in return for which he was to render legal services to them thereafter. The referee has found that for the legal services to be rendered in connection with the bankruptcy proceeding $300 would be a fair compensation.

The attorney insists that a bankrupt is entitled to make an agree-

ment, just before the bankruptcy, by which an attorney, to whom he then pays a substantial sum of money, undertakes to render to him in return therefor legal services covering various matters in no way connected with the bankrupt estate. I am not referred to any authority which is directly in point, and I am therefore constrained on principle to find that no such agreement is contemplated by the bankruptcy statute.

The Bankruptcy Act (Comp. St. §§ 9585–9656) contemplates the distribution of the assets of the bankrupt among his creditors after the expenses of administering the estate have been paid. Money is, of course, a part of the estate. When the bankrupt pays money in return for an agreement to render legal services to him in futuro, he thereby acquires something of value in return for the money which he has paid, namely, the right to receive the services in question, and, in the event that they are refused, the right to sue and recover for breach of contract. It will not be suggested, I think, that on the eve of bankruptcy a prospective bankrupt could pay money to a physician, and in return therefor receive an agreement whereby professional medical services would be performed in futuro, and it certainly cannot be contended that a bankrupt could pay over to a dealer in merchandise on the eve of bankruptcy a sum of money, and receive therefor an agreement (and acquiring rights thereunder) whereby at some future time merchandise was to be delivered to him; in other words, the estate of a bankrupt cannot be diverted by any arrangement which will permit the bankrupt to benefit after his adjudication in a manner which would have been impossible, had he not diverted assets of the estate prior to the petition. Such an agreement seems to me to be so unreasonable that it cannot have judicial sanction, and the order of the referee is therefore affirmed.

It is only fair to add that the attorney for the bankrupts stated on the hearing before me that he was quite ready to abide by any determination that the court might make, but that he did not wish to appear in the position of one asking for anything to which he was not entitled, as he had acted in good faith. This determination, therefore, does not involve any suggestion of professional impropriety. It is nothing more than a judicial determination of the rights of the various parties, and it does not carry with it any reflection whatever upon the professional conduct of the attorney.

## Supplemental Opinion.

Since the foregoing memorandum was filed, the attorney in question has advised me that he desires to review this determination. It is obvious, therefore, that I was mistaken in my understanding with reference to his attitude. It is apparent that he desires to hold as much of this estate as possible, and it is quite obvious that the practice which he has attempted to follow will encourage practitioners who have no moral scruples to attempt to secure substantial sums on the eve of bankruptcy many times upon the mere pretext that professional services are to be thereafter rendered in other matters in return. It is to be regretted that the desire of the court to pay proper credit to a praise-

worthy attitude on the part of an attorney has been followed by a course of procedure which indicates anything but a willingness to comply with the direction of the court.